**M. Kelly TILLERY**

v.

**LEONARD & SCIOLLA, LLP.**

Civil Action No. 05–6182.

United States District Court, E.D. Pennsylvania.

June 11, 2007.

As Amended Sept. 5, 2007.

Jeffrey B. Albert, Toki Rehder, McKissock & Hoffman PC, Philadelphia, PA, for M. Kelly Tillery.

Hugh J. Hutchison, John J. Leonard, Leonard, Sciolla, Hutchison, Leonard & Tinari, LLP Philadelphia, PA, for Leonard & Sciolla, LLP.

### ORDER

NORMA L. SHAPIRO, Senior District Judge.

AND NOW, this 11th day of June, 2007, following a conference held on April 11, 2007, at which counsel for the parties were present and oral argument on all outstanding motions was heard, it appearing that:

a. Plaintiff filed a motion to compel outlining five categories of documents not provided by defendant. Defendant contends it has responded to plaintiff's requests.

b. Defendant moved for summary judgment on all counts of the complaint. Summary judgment should be granted only if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes there is no genuine issue of material fact to be resolved at trial. *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 819 (3d Cir. May 5, 2006). In evaluating defendant's motion, the court must not rely on any credibility or factual determinations made during the preliminary injunction proceedings held in this action on March 23, 2006, after which the court found plaintiff was not likely to succeed on the merits of his claims. "Inferences concerning credibility that were previously made in ruling on [a] motion for a preliminary injunction cannot determine [a] Rule 56 motion and should not be used to support propositions that underpin the decision to grant the motion for summary judgment. This is because credibility determinations that underlie findings of fact are appropriate to a bench verdict ... but they are inappropriate to the legal conclusions necessary to a ruling on summary judgment. A District Court should not weigh the evidence and determine the truth itself, but should instead determine whether there is a genuine issue for trial." *Doeblers'*, 442 F.3d at 820 (citations and quotations omitted). *"Failure to strictly observe the principles governing summary judgment becomes particularly significant in a trademark or tradename action, where summary judgments are the exception." Doeblers'*, 442 F.3d at 820, quoting *Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1061 (3d Cir.1991) (emphasis supplied). Although the Court previously concluded that plaintiff was not likely to succeed on the merits of his claim, plaintiff has adduced sufficient evidence of material facts to preclude summary judgment.

*Counts I and IV—Trademark Infringement and Pa. Unfair Competition* [1]

---

**1.** The test for common law trademark infringement and unfair competition is essentially the same as the test for infringement and unfair competition under the Lanham

▮ In a trademark infringement action under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), plaintiff must show that (1) the mark is valid and legally protectable; (2) it owns the mark; and (3) use of the mark by defendant is likely to cause confusion. *Opticians Assn. of America v. Independent Opticians of America,* 920 F.2d 187, 192 (3d Cir.1990). The essence of plaintiff's claim is that defendant's continued use of the domain name <leonardtillery.com> is confusingly similar to plaintiff's valid and protectable mark, TILLERY.

In order to prove a valid and protectable mark in a name, plaintiff must show that the name has acquired a secondary meaning among consumers in the relevant trade area before the acts of infringement. Factors considered in determining whether a mark has developed secondary meaning include: (1) extent of sales and advertising leading to buyer association; (2) length of use; (3) exclusivity of use; (4) fact of copying; (5) customer surveys; (6) customer testimony; (7) use of mark in trade journals; (9) size of company, (9) number of sales; (10) number of customers; and (11) actual confusion. *Commerce Nat. Ins. Services, Inc. v. Commerce Ins. Agency, Inc.,* 214 F.3d 432 (3d Cir.2000).

Considering all evidence in favor of plaintiff, there is sufficient circumstantial evidence to present a genuine issue of a material fact with respect to secondary meaning. Although a survey would have been useful, and the testimony of clients even more so, the absence of such evidence is not dispositive. *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 822 (9th Cir.1996) (survey evidence not es-

sential); *see Commerce Nat. Ins.,* 214 F.3d at 432 (listing nine other factors). Plaintiff has alleged a long-time use of the mark TILLERY in the practice of intellectual property law. Plaintiff has produced press releases, articles and speeches to support his claim that his name has achieved secondary meaning. Defendant's admissions made in past marketing materials may also be appropriate to support a finding of secondary meaning. *See Suisman Shapiro v. Suisman,* 2006 WL 387289 at *5 (D.Conn.2006). Although Plaintiff's evidence may be biased and conclusory, as defendant alleges, that is an issue of credibility for a jury to determine.

In order to prove the second element of trademark infringement, ownership of the mark, plaintiff has to establish prior rights to the mark. *Lucent Information Mgmt. v. Lucent Techs.,* 186 F.3d 311, 315 (3d Cir.1999). Whether secondary meaning was established prior to the alleged infringement is also a question of fact for the jury to determine.

The "likelihood of confusion" element is similarly ill-suited to a summary judgment determination. There is a scintilla of evidence of actual confusion consisting of three emails sent to the disputed domain name from artists who located plaintiff's name in the Recording Industry Sourcebook. Plaintiff contends these consumers were clearly looking for him, not anyone else in defendant's firm. This evidence of actual confusion is admittedly thin, but actual confusion is only one factor in determining whether likelihood of confusion is present. *Interpace v. Lapp, Inc.,* 721 F.2d 460,

Act. *Fisons Horticulture, Inc. v. Vigoro Indus.,* 30 F.3d 466, 472 (3d Cir.1994).

463 (3d Cir.1983).[2] Plaintiff has produced evidence as to a long use of his name; defendant is currently using that name without plaintiffs consent; the targets of any sales efforts are the same; and the goods are marketed in the same channels. Defendant claims that there is no similarity between "leonardtillery" and "tillery", but plaintiff contends the relatively common occurrence of the name "leonard" and the rarity of "tillery" creates confusion between the two marks. This is sufficient to create a genuine issue of a material fact for a jury to consider. See *Country Floors. Inc. v. Gepner and Ford,* 930 F.2d at 1056 (summary judgement inappropriate where genuine issue of material fact presented on likelihood of confusion).

*Count II—Anti Cybersquatting Consumer Protection Act*

 This Act, 15 U.S.C. § 1125(d), makes it illegal for a person to use, with the bad faith intent to profit from, an internet domain name that is identical or confusingly similar to the distinctive or famous trademark or internet domain name of another person or company. *Shields v. Zuccarini,* 254 F.3d 476, 481 (3d Cir. 2001). Subjective determinations such as bad faith are "singularly inappropriate for determination on summary judgment." *Suisman, Shapiro v. Suisman,* 2006 WL [387289] at *9, quoting *Cadbury Beverages v. Cott Corp.,* 73 F.3d 474, 483 (2d Cir.1996); *see also U.S. ex rel Cantekin v. Univ. of Pittsburgh,* 192 F.3d 402 (3d Cir. 1999), *cert. denied,* 531 U.S. 880, 121 S.Ct. 192, 148 L.Ed.2d 133 (2000) (defendant's state of mind typically should not be decided on summary judgment).

*Count III—False Advertising*

 Liability for false advertising under the Lanham Act arises if the commercial message or statement is either (1) literally false or (2) literally true or ambiguous but has the tendency to deceive consumers. *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharms.,* 290 F.3d 578, 586 (3d Cir. 2002).

Plaintiff contends that ten matters referenced on defendant's website were handled by plaintiff and not by anyone at the firm of Leonard & Sciolla. Plaintiff contends this advertising has the "tendency to deceive" because it gives, and clearly is intended to give, consumers the impression that lawyers currently at this firm have handled those matters. This issue is akin to "likelihood of confusion" and is a determination better made by a jury than by summary judgment.

*Count V—Unauthorized Use of Name*

[14] 42 Pa.C.S.A. § 8316(a) provides that "[a]ny natural person whose name or likeness has commercial value and is used for any commercial or

---

**2.** In *Lapp,* the Court of Appeals set forth ten factors for evaluation of likelihood of confusion: (1) degree of similarity of the marks; (2) strength of owner's mark; (3) factors indicative of care expected when making a purchase; (4) length of use of mark; (5) intent of defendant in adopting mark; (6) evidence of actual confusion; (7) whether goods are marketed through the same channels of trade and advertised through the same media; (8) extent to which the targets of sales efforts are the same; (9) relationship of goods in minds of consumers because of similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market. Mark similarity may be the most important of the ten factors if the products compete directly. *Checkpoint Systems v. Check Point Software Tech.,* 269 F.3d 270, 281.

advertising purpose without the written consent of such natural person ... may bring an action to enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use." The determination of whether plaintiff's name has commercial value and whether plaintiff consented to its current use by defendant are factual determinations not really appropriate for summary judgment.

c. The pretrial memoranda submitted by both parties were inadequate because: they did not specifically list exhibits to be used as evidence at trial; they did not identify specific portions of deposition testimony to be used at trial; and/or they did not identify specific interrogatory answers to be used at trial.

d. The court previously indicated an intention to appoint a court-appointed expert pursuant to Fed.R.Evid. 706. That expert has now been identified and retained by the court.

It is therefore **ORDERED** that:

1. Plaintiff's Motion for Order Compelling Production of Documents (Paper # 33) is **DENIED in part** and **GRANTED in part.** It is denied as overbroad, except that with regard to any documentation between defendant and its website agent regarding the domain name, defendant shall provide plaintiff with any documents not previously provided that are not subject to attorney-client privilege or an attorney work product claim. Defendant shall file an affidavit with the court within twenty (20) days stating that such documents have been provided or that no responsive documents exist.

2. Defendant's Motion for Summary Judgment is **DENIED.**